DLD-114                                                       **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1470
_____

IN RE:  THOMAS TRAUMANN,
                                                          Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Crim. No. 2:18-cr-00564-001)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
May 2, 2024
Before:  JORDAN, PORTER, and PHIPPS, <u>Circuit Judges</u>

(Opinion filed: June 6, 2024)
_____

OPINION[*]
_____

PER CURIAM

    Thomas Traumann, a federal prisoner proceeding pro se, has filed a petition for a

writ of mandamus compelling the District Court to address an argument that he raised in

a motion challenging his judgment of conviction.  For the reasons that follow, we will

deny the mandamus petition.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Traumann pleaded guilty to traveling in interstate commerce with the intent to engage in illicit sexual conduct. In February 2021, the District Court imposed a sentence of 99 months in prison. Traumann did not file a direct appeal. In April 2022, Traumann filed a document titled "Omnibus Motion" challenging his conviction. Later that year, he filed a mandamus petition asking this Court to order the District Court to act on his motion. We denied the petition without prejudice to refiling if the District Court did not decide the motion within a reasonable time. See C.A. No. 22-2530 (10/18/22 Opinion).

The District Court denied Traumann's Omnibus Motion on February 21, 2023, and he appealed. We summarily affirmed the District Court's order to the extent Traumann sought relief pursuant to 28 U.S.C. § 2241 and denied his application for a certificate of appealability. See C.A. No. 23-1770 (7/25/2023 Order).

Traumann now seeks mandamus relief in connection with the District Court's February 21, 2023, decision denying his Omnibus Motion. He states that the District Court (and the Government in its response to his motion) did not address his argument that he was denied his right to due process. Traumann asserts that the statute of conviction was amended after he was indicted and that the amended statute was not applied in his criminal case. He contends that the delay in ruling on his constitutional claim warrants a writ of mandamus, and he asks that we compel the District Court to address his argument.

A petitioner seeking a writ of mandamus must show that he has no other adequate means to obtain relief, that he has a clear and indisputable right to the writ, and that the writ is appropriate under the circumstances. Hollingsworth v. Perry, 558 U.S. 183, 190

2

(2010) (per curiam) (internal quotation marks and citation omitted). "[A] writ of mandamus may not issue if a petitioner can obtain relief by appeal." <u>Madden v. Myers</u>, 102 F.3d 74, 77 (3d Cir. 1996).

Traumann's contention that the District Court did not address an argument raised in his Omnibus Motion was a matter to be raised in his appeal of its order. He had other adequate means to obtain relief. To the extent Traumann frames his petition as seeking relief due to delay by the District Court, <u>see</u> <u>Madden</u>, 102 F.3d at 78 (stating that mandamus petitions provide an avenue to address cases that have been unduly delayed), there is no delay here. The District Court has adjudicated his motion.

Accordingly, we will deny Traumann's mandamus petition.